GREAT WESTERN QUICKSILVER MIN. CO. (KNOX v.). See Cases No. 7,906 and 7,907.

----

## Case No. 5,739.

### In re GREAT WESTERN TEL. CO.

[5 Biss. 359;[1] 5 Chi. Leg. News, 493.]

Circuit Court, N. D. Illinois. July, 1873.

PRACTICE ON REVIEW — NEWLY-DISCOVERED EVIDENCE—SETTLEMENT OF PROCEEDINGS.

1. The circuit court will not on petition for review hear additional testimony. Its power is simply revisory.

2. It will strike out from a petition for review all portions regarding newly discovered evidence.

3. Where there is newly discovered evidence the district court may in a proper case open the decree and grant a re-hearing, and it seems that the circuit court might peremptorily direct the district court so to do.

4. Pending such application for re-hearing, the circuit court will suspend action on the petition for review, and afterwards review the new case as finally decided in the district court.

5. If the bankrupt can settle all but a few contested claims the court may, on consent of creditors, dismiss the proceedings on security being given to the non-assenting creditors.

In bankruptcy. The Great Western Telegraph Company was adjudicated a bankrupt by the district court, on the petition of John C. Hilton, and thereupon a petition for a review of the proceedings in the district court was filed in this court by the company; and pending this petition in the circuit court, an application was made by the petitioners for leave to take testimony in addition to what was before the district court, as affecting the question of the bankruptcy of the telegraph company; and a motion was also made by Hilton, the petitioning creditor in the district court, to strike out such portions of the revisory petition filed in this court, as set forth new evidence discovered by the company since the decree of

----

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

the district court, and which tended to impeach the validity of Hilton's claim upon which the company was adjudged bankrupt.

George C. Campbell, G. S. Paddock, and E. A. Small, for petitioner, Hilton.

George F. Harding and John I. Bennett, for Telegraph Co.

DRUMMOND, Circuit Judge. This case raises the question as to the proper practice in this court where there has been evidence recently discovered since the trial in the district court, affecting the question of bankruptcy. As I stated during the argument, if, after a decree of bankruptcy in the district court, there are facts ascertained which may affect the propriety of the decree, and which in fact show prima facie that the decree was improperly rendered, there ought to be some way by which that wrong could be rectified.

The petition in bankruptcy in the district court was founded upon an indebtedness upon some promissory notes which had been reduced to judgment. And the question which is sought to be made now is, as touching the validity of that indebtedness.

It is alleged by the petitioners in this court, that there really was no existing indebtedness to the petitioners in the district court, and, therefore, there was no proper foundation for the commencement of proceedings in that court.

I have come to the conclusion that it would not be proper for this court to hear any additional evidence as affecting the decree in bankruptcy. That is a matter within the jurisdiction of the district court. [The only power that this court has over it is that of superintendence or revision simply.][2]

It was not the intention of the bankrupt law [of 1867 (14 Stat. 517)], I think, to make the circuit court a court of original jurisdiction, or to allow the circuit court to act upon the bankruptcy proceedings as if it had original jurisdiction de facto. Its only object was to give the circuit court a supervisory control and superintendence over the proceedings of the district court.

There are two ways in which the object of the petitioners in this court can be accomplished. If it be true, as they allege, that there was no bona fide indebtedness, upon which the petition in the district court was founded, they can make an application to the district court, setting forth sufficient facts to justify that court in re-opening the question connected with the decree in bankruptcy, and ask for a re-hearing of the subject matter of that decree. There can be no doubt that the district court would have the power, upon a proper case, to entertain and grant such an application.

It may be that when a case is pending in the circuit court upon review, as it is termed, under the second section of the bankrupt

----

[2] [From 5 Chi. Leg. News, 493.]

law, upon a showing of the facts warranting the court in so doing, that the circuit court might direct peremptorily the district court to re-hear the case upon new facts thus presented, and to determine whether or not there should be a decree in bankruptcy rendered against the company.

But it would seem to me as though the better course would be in such a case for an application to be made to the circuit court, asking for a suspension of action upon a petition of review until the case can be heard in its new aspect in the district court. And when it is thus heard in the district court, and the action of the court is had upon the new case, of course it would be subject to review by the circuit court, and any error of the district court could be corrected by the circuit court.

That is one way in which the object of the petitioners in this court can be attained. Another is this:. If, as they allege, the company is entirely solvent, and able to settle all the bona fide claims against the company, leaving nothing but the contested claim of Mr. Hilton, who was the petitioner in the district court, then they could make an application to the district court to supersede the proceedings in bankruptcy, paying off all these other claims, or settling or adjusting them, and obtaining the consent of creditors to such a course and then giving security to the non-assenting creditor for any claim which it may turn out he has against the company and which he may be able to sustain before a competent tribunal. This was the course which was adopted in Indiana in a case which came before me at the last term of the circuit court. In re Indianapolis, C. & L. R. Co. [Case No. 7,023].

In the case I refer to, the court allowed the bankruptcy proceedings to be dismissed on the giving of security for the payment of the claims of the non-assenting creditors, those claims being in controversy.

Now, that may be done here. This claim of Mr. Hilton, it is insisted upon the part of the company, is not a bona fide claim; that it cannot be sustained when properly investigated, and when the proof attainable is brought to bear upon it. If the company is prepared to pay the other claims, and is entirely solvent, there can be no objection to this course.

Therefore the motion of the petitioners to allow the testimony to be heard in this court, will be overruled; and the motion of the petitioning creditor in the district court, Mr. Hilton, to strike out a certain portion of the petition, will be sustained. This, of course, is without prejudice to the right of the petitioners in this court to reach the end they desire in one of the ways which has been suggested by the court.

[In Case No. 5,740, the respondent made a motion in the district court to set aside the adjudication of bankruptcy made against it. The motion was overruled.]